Joseph Anthony PADILLA,
Petitioner–Appellant,

v.

Cal A. TERHUNE, Respondent–
Appellee.

No. 01–56325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Filed Oct. 29, 2002.

Robert Franklin Howell, La Jolla, CA, for the petitioner-appellant.

Bill Lockyer, Attorney General of the State of California, and Sabrina Y. Lane-Erwin, Deputy Attorney General, San Diego, CA, for the respondent-appellee.

Before THOMPSON and
RAWLINSON, *Circuit Judges,* and
SCHWARZER,* Senior United States
District Judge.

## OPINION

SCHWARZER, Senior District Judge.

Joseph Anthony Padilla appeals the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. We must decide whether the admission of hearsay evidence admitted at his trial for murder violated the Confrontation Clause and, if it did, whether the error was harmless.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of July 27, 1994, Erik Gorka, the victim of the murder, cashed his paycheck for $425.57 near his Ocean Beach home. Two days later his body was found in an alley in Ocean Beach. He died at the hospital soon thereafter from gunshot wounds to his head and abdomen. Hospital staff found $42 on his person.

Shawn Collins, Daniel Munoz, Errol Somerville, Rafael Godinez and Padilla were friends. On the night of July 28, they attended a party at Collins's residence together with Deanna Rocha, a neighbor. Around 1:00 a.m. on July 29, Gorka and Padilla joined the party. Soon thereafter, Godinez asked Rocha to borrow her car and drove off with Padilla, Somerville, Collins, and Gorka. About an hour later, Padilla, Godinez, Somerville, and Collins returned without Gorka. Rocha testified that Somerville and Padilla appeared panicky, pale, and nervous as they ran into Collins's house; she later saw Padilla and Somerville leave and walk toward the beach. Munoz testified that Somerville appeared paranoid; when a car approached and someone asked, "Are the cops coming?" Somerville ducked and hid behind some bushes. Munoz told Rocha that either Collins or Somerville had told him that the group had taken Gorka to a hilltop to rob him and when he resisted Somerville shot him. Later that night someone showed Munoz about $200 in twenty-dollar bills that appeared to be blood-stained.

A couple of months after the murder, Padilla told Rocha that Gorka was drunk when he and the group drove him to an alley to rob him; when Gorka resisted, Somerville shot him in the head and left him in the alley; and later that night Padilla and Somerville buried the gun. About a year later, while in custody on unrelated charges, Somerville confessed to the police that Gorka had been driven to an alley to rob him, that when he resisted Somerville accidentally shot him, and that the gun was later buried at the beach.

A jury convicted Padilla of the robbery and first degree murder. CAL. PEN. CODE §§ 211, 187(a). It found true the special allegation that the murder occurred while Padilla was engaged in a robbery and was armed with a firearm. CAL. PEN. CODE §§ 190.2(a)(17)(A), 12022(a)(1).[1] Padilla was sentenced to life without possibility of parole based on the finding of murder with special circumstances (felony murder), and to a consecutive enhancement for use of a

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. California Penal Code § 190.2(a)(17)(A) provides for a penalty of death or imprisonment for life without possibility of parole where the murder "was committed while the defendant was engaged in, or was an accomplice in, the commission of" a robbery.

firearm. The California Court of Appeal affirmed the judgment on April 28, 1998. The California Supreme Court denied Padilla's petition for review on August 12, 1999. Padilla timely filed his petition for a writ of habeas corpus on November 9, 1999. The district court denied the writ, finding that the admission of Somerville's custodial confession was error but harmless and that the admission of the other hearsay statements did not violate the Confrontation Clause.

## STANDARD OF REVIEW

We review *de novo* the district court's denial of a petition for writ of habeas corpus. *Bean v. Calderon,* 163 F.3d 1073, 1077 (9th Cir.1998). The district court's findings of fact are reviewed for clear error. *Lopez v. Thompson,* 202 F.3d 1110, 1116 (9th Cir.2000) (*en banc* ).

Because Padilla filed his petition after April 24, 1996, it is governed by the Anti Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy,* 521 U.S. 320, 336–37, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal district court must determine whether the state court decision is (1) "contrary to" or "an unreasonable application of" clearly binding precedent of the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (discussing AEDPA).

## DISCUSSION

## I. SOMERVILLE'S CUSTODIAL CONFESSION

At the trial Detective Jorge Duran testified that Somerville had told him that he took Gorka into the alley with the intent to rob him, that when he resisted Somerville pulled out a revolver, that he accidentally dropped the gun causing it to fire and shoot Gorka in the head, that money was taken from Gorka, and that he subsequently buried the gun at the beach. No reference was made to Padilla. Somerville was not available for cross-examination at trial.

The California Court of Appeal held that the admission of Somerville's confession was not error, first, because it was voluntary, and, second, because it was a declaration against penal interest. The court held that "[t]he exception for declarations against penal interest is a 'firmly rooted' exception which satisfies the 'indicia of reliability' required by the confrontation clause." Ct.App. (Cal.) Op. at 21, (citing *People v. Wilson,* 17 Cal.App.4th 271, 21 Cal.Rptr.2d 420 (1993)). The court did not have the benefit of the Supreme Court's decision in *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), handed down approximately a year later. In *Lilly,* the Court held that a confession by an accomplice which incriminates a criminal defendant does not come within a "firmly rooted" hearsay exception. *Id.* at 134, n. 5, 119 S.Ct. 1887.

The district court, relying on *Lilly,* held Somerville's confession did not fall within a firmly-rooted hearsay exception and did not bear any particularized guarantees of trustworthiness. *Cf. Hernandez v. Small,* 282 F.3d 1132, 1142–43 (9th Cir.2002) (stating that under *Lilly,* admission of statements that inculpate only the declarant and do not shift or spread blame does not violate Confrontation Clause). It went on to hold that its admission was harmless error. On this appeal, the state does not challenge the district court's finding of error. Padilla, however, attacks the harmless error finding. The only issue before us, therefore, is whether admission of the

confession was harmless error, which we address in section IV of this opinion.

## II. MUNOZ TESTIMONY ABOUT STATEMENTS BY SOMERVILLE OR COLLINS

At trial, Munoz testified that shortly after the group returned, "somebody," either Somerville or Collins, told him they had taken Gorka "up on the hill and jacked him.... [T]he guy started to resist and [Somerville] shot him one time in the right side of the head." Because both Somerville and Collins were involved in the robbery that resulted in the shooting, the statement to Munoz made by either would be admissible as a statement against penal interest. FED. R. EVID. 804(b)(3).[2] Both Somerville and Collins asserted their Fifth Amendment privilege against self-incrimination, and were legally unavailable at Padilla's trial to testify.[3]

■■■ The district court relied on *United States v. Boone*, 229 F.3d 1231 (9th Cir. 2000), *cert. denied*, 532 U.S. 1013, 121 S.Ct. 1747, 149 L.Ed.2d 669 (2001), to find the admission of the statement to Munoz about the robbery and shooting did not violate the Confrontation Clause because it was inherently trustworthy under the circumstances in which it was made. Trustworthiness is a mixed question of fact and law which we review *de novo*. *Lilly v. Virginia*, 527 U.S. at 118, 119 S.Ct. 1887.

### A. Waiver of the Trustworthiness Argument

■■■ Although the "residual trustworthiness" doctrine was not litigated below, this issue is not waived. The state court held the statement to Munoz about the robbery and shooting was admissible as a statement against interest. As the prevailing party, the state had no reason to argue that the statement was also trustworthy, separate and apart from qualifying as a statement against interest. We may affirm the district court on any ground supported by the record, even if it differs from the reasoning of the district court. *Downs v. Hoyt*, 232 F.3d 1031, 1036 (9th Cir.2000). Thus, we find the state did not waive the trustworthiness issue.

### B. Trustworthiness of Statements Made in a Private Setting

■■■ The Supreme Court has not addressed specifically the admissibility of a statement against interest made by an accomplice or co-conspirator in a private setting, rather than in a custodial setting to law-enforcement personnel. We have, however, relied on the residual trustworthiness doctrine of *Ohio v. Roberts* to hold when an accomplice makes a statement incriminating the defendant in private, to a friend, without mitigating his own role in the crime, the circumstances surrounding the statement provide a "particularized guarantee of trustworthiness," which satisfies the Confrontation Clause. *Boone*, 229

---

2. Federal Rule of Evidence 804(b)(3) provides:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

3. Arguably, because Somerville and Collins had already been convicted as juveniles before Padilla's trial, their convictions would have extinguished their Fifth Amendment privilege. However, since Padilla does not raise this argument, we do not address it.

F.3d at 1234 (drawing on *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

In *Boone*, an accomplice confided to his girlfriend that he and Boone had together committed an armed robbery. The girlfriend surreptitiously tape-recorded the conversation for the police. The court held the admission of the nontestifying accomplice's statement under the statement against penal interest exception to the hearsay rule did not violate Boone's Confrontation Clause rights. *Boone*, 229 F.3d at 1234. Unlike *Lilly v. Virginia*, which dealt with a confession obtained by police during an in-custody interrogation, the conversation in *Boone* occurred in what appeared to the accomplice to be a private setting. As far as the accomplice knew, there was no police involvement whatsoever. *Boone*, 229 F.3d at 1234. Looking at the circumstances as the accomplice perceived them, the court found the circumstances surrounding the statement made it inherently trustworthy.

> He simply was confiding to his girlfriend, unabashedly inculpating himself while making no effort to mitigate his own conduct. The circumstances and setting of Williams's statements distinguish this case from *Lilly*, as does the content of Williams's statements. It was unselfconsciously self-incriminating and not an effort to shift the blame.

*Id.* (emphasis omitted). *See also United States v. Tocco*, 200 F.3d 401, 416 (6th Cir.2000), and *United States v. Papajohn*, 212 F.3d 1112, 1119 (8th Cir.2000), finding that the absence of incentive to shift blame renders a declarant's hearsay statement against penal interest admissible.

So here, the attendant circumstances surrounding the statement against interest made by either Collins or Somerville to Munoz provide a particularized guarantee of trustworthiness satisfying the Confrontation Clause. The speaker made his admission to Munoz, a close friend, in a private setting, with no reason to think the police would become involved, unabashedly inculpating himself while making no effort to mitigate his own conduct or to shift blame. We agree with Padilla that *Boone* did not establish a universal rule that all declarations against penal interest made outside of police custody to persons other than police officers are *per se* trustworthy; rather, the inquiry whether the declaration was made under conditions which imparted a particularized guarantee of trustworthiness is fact-specific. Under the particular circumstances of this case, we find the statement was trustworthy.

Padilla attempts to shift the focus of the inquiry from the circumstances under which the statement was originally made to the reliability of the hearsay relator's testimony. Citing *Lilly*, Padilla argues that no particularized guarantees of trustworthiness attached to the out-of-court statement because the relator, Munoz, was untrustworthy. Munoz was part of a group of youths who engaged in shoplifting and drug-using sprees together. At the party where he heard the incriminating statement, Munoz had ingested cocaine, marijuana, methamphetamine, and alcohol. He admitted that when interrogated by the police about the statement, he told them whatever he thought they wanted to hear. Padilla argues there is no reliable guarantee the statement was ever made, apart from the reliability of Munoz.[4]

---

**4.** Unlike the Williams statement in *Boone*, the Collins/Somerville statement was not tape-recorded. The fact of recording, however, is relevant only to the reliability of the relator, Munoz, (i.e., did he hear what he said he heard), not to the trustworthiness of the declarant, Collins or Somerville.

■ Padilla's diversionary attack on Munoz's credibility is futile. First, *Lilly* is not relevant because it applies to custodial confessions to police, not to statements against interest made in a private setting. For Confrontation Clause purposes, this distinction is critical. Second, Munoz's credibility is a different issue from whether the circumstances surrounding the Collins/Somerville statement provided it with particularized guarantees of trustworthiness. *See United States v. Satterfield*, 572 F.2d 687 (9th Cir.1978), stating in dictum:

> A strong argument can be made that the credibility of the witness is irrelevant to admissibility under Rule 804(b)(3), which is basically a hearsay rule. A test for admissibility of hearsay statements based on the credibility of the witness who testifies about the statement is unrelated to the purpose of the general rule against hearsay. Hearsay statements are usually excluded because the declarant is unsworn and unavailable for cross-examination and because the jury cannot evaluate his demeanor.... The jury can evaluate the perception, memory, narration, and sincerity of the witness who testifies about the hearsay declaration, and that witness testifies under oath and subject to cross-examination.

*Id.* at 691; *see also United States v. Atkins*, 558 F.2d 133, 135 (3rd Cir.1977) (stating that "Rule 804(b)(3) directs the court to the trustworthiness of the declarant, not of the witness"). The credibility of the witness remains an issue for the trier of fact once the statement has been admitted. "From the viewpoint of the Confrontation Clause, a witness under oath, subject to cross-examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only as to what he has seen but what he has heard." *Dutton v. Evans*, 400 U.S. 74, 88, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *see also United States v. Bagley*, 537 F.2d 162, 167 (5th Cir.1976). We, therefore, consider only the circumstances under which the statement was made to determine whether it possessed particularized guarantees of trustworthiness.

The district court found the statement against penal interest to Munoz was inherently trustworthy because it was made voluntarily, in a private setting, and with no effort to mitigate the declarant's conduct. Further, we note that the declarant made the statement shortly after the group returned from the alley, close in time to the shooting, and presumably while still in an excited state. Because he made it to his friend Munoz, he had no reason to expect it would be disclosed to the police. The circumstances of this admission bring it within the rationale of *Boone* and the district court properly found that its admission did not violate the Confrontation Clause.

## III. ROCHA'S TESTIMONY ABOUT WHAT MUNOZ TOLD HER COLLINS TOLD HIM

Rocha testified that when the group returned from the alley, she saw Collins walk up to Munoz and tell him something that she could not hear. When the conversation between Collins and Munoz ended, Munoz walked over to her and told her what he had just heard from Collins. Rocha testified, "[h]e told me that they brought this guy out to the alley and robbed him and shot him." She also testified Munoz told her that Somerville was the shooter. The trial court admitted Rocha's statement on the ground it explained her "state of mind" at the time, and the judge gave no limiting instructions.

The state argues for the first time on appeal that this claim of double hearsay was not exhausted. The district court made no findings on exhaustion but denied

the petition on the merits. We do not need to address whether the exhaustion requirement is waivable since "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

 Rocha's testimony related hearsay within hearsay. Hearsay included within hearsay is not excludable by the hearsay rule under California law (CAL. EVID. CODE § 1201) or federal law (FED. R. EVID. § 805), so long as each link in the hearsay chain conforms to a separate hearsay exception. In this habeas corpus appeal, however, the issue is whether the admission of Rocha's testimony violated the Confrontation Clause. We conclude it did not. The first statement (Collins to Munoz), as discussed in section II. B. of this opinion, was a statement against penal interest with particularized guarantees of trustworthiness under *Boone*. The second statement (Munoz to Rocha), although hearsay, did not implicate the Confrontation Clause because Munoz testified at trial and was available for cross-examination. *California v. Green*, 399 U.S. 149, 161, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *United States v. Valdez–Soto*, 31 F.3d 1467, 1470 (9th Cir.1994) (holding that Confrontation Clause is not violated where the declarant is in court and defendant can cross-examine him). Munoz was a witness at trial and was extensively cross-examined about the statement he heard about the robbery and shooting. Rocha was also a witness, and she was cross-examined about Munoz's statement to her. Accordingly, the district court did not err in finding no violation of the Confrontation Clause.

## IV. HARMLESS ERROR

 The district court held that in view of the strength of the prosecution's case, the cumulative nature of Somerville's confession, and the evidence corroborating it, the decision to admit it was harmless error. We review the district court's determination *de novo*. *Brecht v. Abrahamson*, 507 U.S. 619, 642, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (Stevens, J. concurring).

 "Erroneous admission of a non-testifying co-defendant's out of court statement is a trial-type error subject to harmless error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 306–07, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)." *Laboa v. Calderon*, 224 F.3d 972, 976 (9th Cir.2000) (other citation omitted). Under the controlling standard of *Brecht*, "alleged constitutional errors warrant a grant of the habeas petition only if 'in light of the record as a whole,' the error had a 'substantial and injurious effect or influence in determining the jury verdict.'" *Id.* at 977, (quoting *Brecht*, 507 U.S. at 638, 113 S.Ct. 1710, quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Under this standard of review:

> [T]he question is, not were [the jurors] right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision.... The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence.

*Kotteakos*, 328 U.S. at 764–65, 66 S.Ct. 1239. Under this standard, an error is harmless unless the "record review leaves the conscientious judge in grave doubt about the likely effect of an error on the jury's verdict ... [i.e.,] that, in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to

the harmlessness of the error." *O'Neal v. McAninch,* 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); *see also United States v. Hitt,* 981 F.2d 422, 425 n. 2 (9th Cir.1992) (stating that "*Kotteakos* defines 'fair assurance [of harmlessness]' as absence of a 'grave doubt.' ").

Padilla argues that the admission of Somerville's confession was not harmless error. Somerville's statement to the police was prejudicial because it established an essential element of the felony-murder charge, that the intent to steal property was formed prior to the use of homicidal force. *See People v. Kelly,* 1 Cal.4th 495, 528–29, 3 Cal.Rptr.2d 677, 822 P.2d 385 (1992).[5] Intent to rob was the critical issue, and Somerville's account to the police was the clearest and most persuasive evidence of that intent.

Somerville's confession, however, was not the only evidence establishing prior intent to commit a robbery. First, Munoz testified that on the night of the crime, either Collins or Somerville told him that the group had taken Gorka up to the hill and "jacked" him, and that when Gorka started to resist, Somerville had shot him in the head. Second, Rocha testified Padilla admitted to her that the group intended to rob Gorka:

> He told me that he had seen this guy on the street, he was staggering drunk; and he thought he could take advantage of that, so he brought him back—invited him back to Shawn [Collins]'s house, and then they were—they took him up to an alley.... They were going to rob him. He said while they were trying to rob him, he was—he was being resistant, and belligerent and he, like, dropped the money on the ground; and Joe [Padilla]

said he just wanted to fight him. He was just going to beat this guy up; but then Errol [Somerville] shot him, and Joe said he didn't want it to go that far.

Padilla argues that "[t]here were ample grounds upon which the jury could have entertained a reasonable doubt as to guilt, if presented solely with her testimony." Rocha was a petty criminal, used drugs, led an immoral life, had delayed reporting Padilla's incriminating statement to the police, and had given a prior inconsistent report to her roommate.

However, in this appeal, Padilla does not challenge the finding of guilt for the homicide. Padilla does not attack his conviction of murder, but only the jury finding of his prior intent to rob. The evidence supporting his murder conviction was strong. The jury obviously believed Rocha and Munoz in returning a verdict of murder. Rocha's detailed testimony established the critical element of intent and was corroborated by Munoz. Given that the jury found Rocha and Munoz credible in returning a murder verdict, Somerville's merely cumulative confession could not have had a "substantial and injurious effect or influence in determining the jury verdict" on intent to rob. We accordingly conclude that the admission of Somerville's confession was harmless error.

AFFIRMED.

---

**5.** Padilla's brief argues that admission of Somerville's confession was prejudicial "because it was the only statement (at least other than the hearsay statements to which Rocha alone testified) in which an intent to take property prior to the homicide was professed." Appellant's Br. at 23.