**Michael J. MCDONALD, Petitioner— Appellant,**

v.

**Roy CASTRO, Respondent—Appellee.**

No. 02–57121.

D.C. No. CV–01–04581–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Feb. 20, 2004.

Jerald W. Newton, Sedona, AZ, for Petitioner–Appellant.

Joseph P. Lee, Lawrence M. Daniels, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before BRIGHT,* O'SCANNLAIN, and MCKEOWN, Circuit Judges.

MEMORANDUM**

California state prisoner Michael J. McDonald appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his jury trial conviction for second degree murder, com-

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mitted when McDonald was sixteen.[1] The state court sentenced him to a term of fifteen years to life. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review a denial of a petition for a writ of habeas corpus *de novo. Collins v. Rice,* 348 F.3d 1082, 1088 (9th Cir.2003). The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this petition, since McDonald filed his petition after April 24, 1996. We may not grant McDonald's habeas relief from his state court conviction unless the state court proceedings were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's conclusions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). McDonald therefore must prove that the state court's decision was " 'objectively unreasonable' in light of the record before the court." *Miller–El v. Cockrell,* 537 U.S. 322, 348, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

I. Confront Witnesses

McDonald first asserts that the trial court improperly restricted his Sixth Amendment right to confront three witnesses. First, McDonald argues that the trial court improperly allowed the prosecution to read to the jury Jesus Castaneda's prior hearing testimony once Castaneda invoked his Fifth Amendment rights, after answering a few preliminary questions, during McDonald's trial.

The trial court properly found that Castaneda was unavailable to testify after invoking his Fifth Amendment rights. In allowing Castaneda's prior sworn state-ment to be read to the jury, the court explained all counsel had been present at the hearing and had had the opportunity to question Castaneda.

▮ The California Court of Appeal determined that the trial court violated McDonald's right to confront Castaneda, but found the error harmless. After reviewing the transcript of Castaneda's hearing testimony, we agree. *See Padilla v. Terhune,* 309 F.3d 614, 621–22 (9th Cir.2002) (harmless error standard). Castaneda's testimony noted McDonald's interest in becoming a member of the gang; that no one directed McDonald to commit the murder; and that no one told McDonald he needed to kill to become a member. Nothing implicated McDonald as a participant in the murder. Moreover, Adam Stocks's testimony that McDonald wanted to be a member of the gang provided similar evidence of motive.

McDonald next contends that the trial court improperly restricted his right to question Adam Stocks, a government witness, regarding two uncharged robberies Stocks allegedly committed. The Confrontation Clause protects a defendant's right to cross-examine witnesses for potential bias. *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). However, the trial judge retains considerable latitude to impose reasonable limits on cross-examination based on harassment, prejudice, confusion of the issues, and relevance. *Id.* at 679. Any error is subject to harmless error review. *Id.* at 684.

▮ McDonald had the opportunity to attack Stocks's credibility through other witnesses, which he did. The trial court's

---

**1.** Because the parties are familiar with the facts and prior proceedings, we recite them here only as necessary to explain our ruling.

decision to restrict McDonald's right to confront Stocks on uncharged conduct was not contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. The district court therefore properly denied McDonald's petition on this claim.

Finally, McDonald asserts that the trial court impermissibly restricted his ability to attack the credibility of a prosecution witness, Sean Rundenza. After Rundenza reasserted the truth of his testimony on cross-examination, McDonald sought to introduce extrinsic evidence to contradict him. However, when McDonald's impeachment witness could not directly testify as to the falsity of the statement, McDonald sought to introduce testimony by an officer who may have heard that witness say that Rundenza's statement was false. After noting the inherent hearsay problems, the trial court determined that the time necessary to impeach Rundenza on the issue outweighed the probative value of the evidence, and excluded the testimony under California Evidence Code § 352. We only review questions of state evidentiary law where the error renders the trial so fundamentally unfair that it violates federal due process. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1193 (9th Cir. 1993). Accordingly, we deny relief on this claim as well.

Therefore, the state court's restriction of McDonald's ability to confront the three witnesses was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.

## II. Prosecutorial Misconduct

In his second claim of error, McDonald alleges two instances of prosecutorial misconduct in his trial. Prosecutorial misconduct amounts to a constitutional violation if it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (internal quotation omitted). We must review the error in the context of the whole trial. *Id.* at 765–66.

■ First, McDonald asserts that the prosecutor in his second trial failed to stipulate to the same facts to which the state had stipulated in his first trial. During McDonald's first trial, the prosecutor stipulated to the victim's possession of a cell phone and calls placed by the victim prior to his death. At McDonald's second trial, a new prosecutor refused to agree to a proposed stipulation presented by McDonald's counsel that included facts different from the first stipulation. While the parties disagree as to whether the second stipulation covered the same facts as the first stipulation, no party can be bound by a stipulation until both attorneys of record agree to its terms. *Cf. United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). Further, McDonald has failed to show that the failure to stipulate violated clearly established law.

■ McDonald next asserts that the prosecutor improperly commented on two unavailable witnesses. During the prosecutor's closing argument, she responded to a statement made by counsel for McDonald's co-defendant. McDonald objected to the statement on the grounds that the prosecutor's comments implied that the defense had the duty to put on evidence to rebut the People's case. After a sidebar, the trial judge instructed the jury on the grounds requested by McDonald's counsel. Even assuming that the prosecutor's remark was somehow improper, we conclude that it does not rise to the level of reversible misconduct. The trial court instructed the jury in the manner recommended by McDonald.

We therefore affirm the district court's conclusion that the prosecutor's comments did not unfairly prejudice McDonald. *See Greer*, 483 U.S. at 766 n. 8 (holding that the Court "normally presume[s] that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it"). Accordingly, the California state court's determination that the statements did not result in prejudice because of the curative instruction was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

### III. Juvenile Detention

Because he was sixteen at the time of the murder, California Welfare and Institutions Code § 707.01(a)(7) applied to McDonald's case. The California statute requires a trial court to conduct a hearing to determine whether a juvenile should be tried in juvenile rather than adult court. The trial court held such a hearing before McDonald's first trial, but did not hold a separate hearing before his second trial.

We lack jurisdiction to address this claim. Federal habeas corpus relief does not apply to errors not of constitutional magnitude in the application of state law. *Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir.2002).

### IV. Cumulative Error

McDonald asserts that the cumulative effect of the errors in his case prejudiced his right to a fair trial and warrants a writ of habeas corpus. Cumulative error applies where, "although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors ... still prejudice[s] a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Because McDonald has proven only a single, harmless error, he cannot demonstrate cumulative error amounting to a constitutional violation. *Cf. Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir.2002). We therefore hold no cumulative error exists and affirm the district court's denial of this claim.

Based on the foregoing, the district court properly denied McDonald's petition under § 2254.

AFFIRMED.