**James Lee SUEING, Petitioner—Appellant,**

v.

**ATTORNEY GENERAL OF the State of ARIZONA; Janet Napolitano; Dora B. Schriro, Director, ADOC, Respondents—Appellees.**

No. 05–17229.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Aug. 14, 2006.

Filed Sept. 8, 2006.

**424**

Patrick E. McGillicuddy, Esq., Law Offices of Patrick E. McGillicuddy, Phoenix, AZ, for Petitioner–Appellant.

John L. Saccoman, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

James Lee Sueing appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for first-degree murder and armed robbery. Sueing contends that his attorney rendered ineffective assistance by withdrawing a jury instruction on the lesser-included offense of theft. He also contends that the trial court's instructions allowed the jury to convict him without finding him guilty beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm the district court's denial of Sueing's habeas petition.

We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004), *cert. denied,* —— U.S. ——, 126 S.Ct. 484, 163 L.Ed.2d 368 (2005). Section 2254(d), as revised by the Antiterrorism and Effective Death Penalty Act of 1996, requires federal courts to deny a state prisoner's habeas petition unless the adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003) (quoting 28 U.S.C. § 2254(d)) (internal quotation marks removed).

The controlling Supreme Court precedent on ineffective assistance of counsel is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, Sueing must establish that his counsel's performance (1) fell below objective standards of reasonableness (i.e., was deficient), and (2) prejudiced him (i.e., there is a reasonable probability that, absent the errors, the result of the proceeding would have been different). *See id.* at 687–94, 104 S.Ct. 2052.

Sueing argues that his counsel improperly withdrew a jury instruction on the lesser-included offense of theft. The only support in the record for the theft theory comes from the prior statements of Vicki Abrams, who told investigators that Felicia Morgan had admitted to framing Sueing. The credibility of Abrams's prior statements, however, is highly suspect. At trial, Abrams could not remember the con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tent of her prior statements, and explained that she had been "pretty messed up" during the time she had spoken with Morgan. Abrams testified that she used crack cocaine or amphetamines every day during the relevant time period, for "as long as [she] could withstand it or [stay] awake."

Moreover, Abrams's prior statements are inherently unbelievable. According to Abrams, Morgan claimed to have shot the victim while acting alone, but inexplicably shared the proceeds with Sueing who—not pursuant to any plan—happened upon the scene afterwards and helped her remove the victim's wallet.

In short, the only evidence suggesting that Sueing was guilty only of theft is deeply flawed, both by Abrams's deficient memory due to her avid drug use and by the unbelievable details of her prior statements. As a result, considering the record as a whole, we cannot say there is a reasonable probability that the result of Sueing's trial would have been different had Sueing's counsel included the theft instruction. Because Sueing has failed to make the required showing of prejudice under *Strickland*, his ineffective-assistance claim fails and we need not consider *Strickland'* s deficient-performance prong. *See id.* at 697, 104 S.Ct. 2052.

Sueing also alleges that the state trial court violated his due process and Sixth Amendment rights by giving instructions that allowed the jury to convict him without finding him guilty beyond a reasonable doubt. The jury instruction at issue was nearly a verbatim copy of the Federal Judicial Center's ("FJC") pattern jury instruction on reasonable doubt.

In a concurring opinion, Justice Ginsburg praised the FJC's instruction, calling it "clear, straightforward, and accurate" and stating that it "surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly." *Victor v. Nebraska*, 511 U.S. 1, 27, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (Ginsburg, J., concurring). Also, along with at least four of our sister circuits, we have upheld language that is identical or substantially similar to the FJC's pattern instruction. *See, e.g., United States v. Artero*, 121 F.3d 1256, 1257–59 (9th Cir.1997), *cert. denied*, 522 U.S. 1133, 118 S.Ct. 1089, 140 L.Ed.2d 145 (1998).

We therefore conclude that the trial court did not unreasonably apply clearly established federal law by submitting its instruction on reasonable doubt. Because Sueing's claim fails on the merits, we need not consider whether it was procedurally defaulted. *See Padilla v. Terhune*, 309 F.3d 614, 620–21 (9th Cir.2002) (quoting 28 U.S.C. § 2254(b)(2)).

**AFFIRMED.**