Eric Henry SALDIVAR, "Payaso", Petitioner–Appellant,

v.

Joe McGRATH, Warden, Respondent–Appellee.

No. 05–56145.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2007.*

Filed May 15, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**670**

Eric Henry Saldivar, pro se.

Stephen M. Lathrop, Esq., Crescent City, CA, Lathrop & Villa, Rolling Hills Estates, CA, for Petitioner–Appellant.

Angela M. Borzàchillo, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: NOONAN, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM **

Eric Saldivar appeals the denial of his habeas corpus petition challenging his conviction for the first degree murder of Freddie De La Rosa. We have jurisdiction pursuant to 28 U.S.C. § 2254 and vacate and remand because of intervening authority.

Saldivar raises three claims in his petition. First, Petitioner contends that the trial court's refusal to instruct the jury on self-defense violated his due process rights. Second, he asserts that the trial court's admission of the victim's statement that Petitioner was the shooter violated his due process rights and his Sixth Amendment right to confrontation. Third, Petitioner argues that his due process rights were infringed when the trial court sustained the prosecution's objection and stated that there was no evidence of a struggle "at this point." It is clear from the briefing that Petitioner did not raise the third federal claim to the California Supreme Court.

The district court, presumably relying on 28 U.S.C. § 2254(b)(2), denied all of Petitioner's claims on the merits without first determining whether he had properly exhausted the claims in state court. This action was permissible at the time. *See Padilla v. Terhune*, 309 F.3d 614, 621 (9th Cir.2002) ("We do not need to address whether the exhaustion requirement is waivable since '[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.'" (quoting § 2254(b)(2))). However, subsequent to the order denying relief, this court in *Cassett v. Stewart* held that § 2254(b)(2) permits the denial of a federal habeas petition on the merits, notwithstanding the applicant's failure to exhaust, "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." 406 F.3d 614, 623–24 (9th Cir.2005).

While we do not express a view on the ultimate merits of Petitioner's third due process claim, we cannot say that it is perfectly clear that he failed to raise a colorable claim. Accordingly, we vacate the district court's order denying relief

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and remand for further proceedings to determine whether the claim was properly exhausted. *See Guizar v. Estelle,* 843 F.2d 371, 372 (9th Cir.1988) (per curiam). If the district court finds that the claim was not exhausted, it should provide Petitioner with the mixed petition options. *See Rose v. Lundy,* 455 U.S. 509, 514, 520–21, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

To the extent Saldivar raised an uncertified issue, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion as moot. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**VACATED AND REMANDED.**