**John Scott BLOCKER, Petitioner—Appellant,**

v.

**Derrick L. OLLISON, Warden, Respondent—Appellee.**

No. 05–56387.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2007.*

Filed July 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

John Scott Blocker, Blythe, CA, pro se.

David J. Zugman, Esq., Law Offices of David J. Zugman, San Diego, CA.

Douglas L. Wilson, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner John Scott Blocker appeals from the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.

Appellant contends that his rights under the Confrontation Clause were violated by the admission of incriminatory out-of-court statements made by his non-testifying co-defendant. Habeas relief is unavailable because the California Court of Appeal's denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

We do not apply *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because appellant's conviction became final prior to that decision. *See Whorton v. Bockting*, —— U.S. ——, 127 S.Ct. 1173, 1180–82, 167 L.Ed.2d 1 (2007). Rather, the applicable framework is set forth in *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which permits the admission of hearsay statements against a criminal defendant so long as the speaker is unavailable and the statements bear adequate indicia of reliability, either falling within a "firmly rooted hearsay exception" or containing "particularized guarantees of trustworthiness."

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Here, the challenged statements were made to a friend in what the speaker perceived to be a private setting, where there was no apparent police involvement and no motive to shift blame away from himself; indeed, the speaker was "unabashedly inculpating himself" as well as appellant. *See Padilla v. Terhune,* 309 F.3d 614, 618 (9th Cir.2002) (quoting *United States v. Boone,* 229 F.3d 1231, 1234 (9th Cir.2000)). The circumstances attendant to the challenged statements therefore provided a particularized guarantee of trustworthiness that satisfied the Confrontation Clause. *See id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.