**Chio Hang SAECHAO, Petitioner—Appellant,**

v.

**State of OREGON, Respondent—Appellee.**

**No. 07–35064.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 26, 2007 *.

Filed Oct. 2, 2007.

Steven T. Wax, FPD, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Douglas Park, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Circuit Judge, SILVERMAN and BYBEE, Circuit Judges.

## MEMORANDUM **

Chio Hang Saechao, an Oregon state prisoner, appeals the denial of his 28 U.S.C. § 2254 petition challenging his jury conviction for robbery. He claims that his Confrontation Clause rights were violated when the trial court admitted a tape-recorded statement by a non-testifying co-defendant made during a jailhouse telephone call to a friend. Because the state courts' denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law and because the state courts' determination of the facts was not unreasonable based on the evidence presented to it, we affirm. *See* 28 U.S.C. § 2254(d)(1)–(2).

■ Saechao argues that the admission of the statement violated *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). However, *Crawford* applies only to "testimonial" evidence. *Id.* at 68, 124 S.Ct. 1354. The Oregon Court of Appeals characterized Gleason's statements as casual, off-hand remarks that were not "testimonial."

This holding was not contrary to or an unreasonable application of *Crawford,* which does not apply to "an off-hand, overheard remark." *Id.* at 51, 124 S.Ct. 1354. There is no evidence in the record suggesting that Gleason made the statements for the purpose of supplying evidence to the prosecution. *Id.* Further, the conversation was between two friends, without any

active participation by a government official, and Gleason made no effort to minimize his own guilt or shift the blame. Because *Crawford* did not speak to "whether and when statements made to someone other than law enforcement personnel are 'testimonial,'" *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 2274 n. 2, 165 L.Ed.2d 224. (2006), the Oregon Court of Appeals' treatment of the case was not an objectively unreasonable application of federal law, as defined by the Supreme Court.

■ Saechao also challenges the state trial court's finding that the out-of-court statement bore a particular guarantee of trustworthiness and was therefore admissible hearsay. *See Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). He argues that the decision was contrary to and an unreasonable application of *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).

We disagree. None of the troubling circumstances identified in *Lilly*—custodial interrogation, leading questions, and the declarant's intoxication—are present here. *Id.* at 139, 119 S.Ct. 1887 (Stevens, J., opinion). Furthermore, the trial court reasonably found that Gleason's statements were voluntarily made and trustworthy because the conversation was a casual chat between friends. Gleason may have been made aware, in general terms, that inmate phone calls are recorded, but the state court was not unreasonable in finding that he did not seem to think that anyone was actually listening to his conversation. We have previously cited to such factors as indicia of a statement's reliability. *See Padilla v. Terhune,* 309 F.3d 614, 619–20 (9th Cir.2002); *United*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Boone*, 229 F.3d 1231, 1234 (9th Cir.2000). Saechao specifically contends that the disputed statement—"Too bad I happen to have been with him that night"—is too ambiguous to be seen as trustworthy, and therefore inculpatory. The trial court found that Gleason was referring to the robbery. This was not unreasonable. A plain reading of the transcript shows that Gleason uttered the statement as part of his recollection of his activities with Saechao on "that night," as he put it. With no other evidence to the contrary, we must presume the correctness of this finding. *See* 28 U.S.C. § 2254(e)(1).

**AFFIRMED.**