NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO GUERRA,

        Petitioner - Appellant,

  v.

THOMAS FELKER,

        Respondent - Appellee.

No. 07-55891

D.C. No. CV 05-8313-CJC (RNB)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 3, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW,[**]
District Judge.

    Petitioner-Appellant Mario Guerra appeals the district court's denial of his

28 U.S.C. § 2254 petition, which alleged he was denied his right to confrontation

under the Sixth Amendment by the admission of his co-defendant Jairo Andrade's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

out-of-court statement. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* the district court's denial of a § 2254 petition, *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005), and we affirm.

Habeas relief is warranted only if the State court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Guerra's Confrontation Clause challenge is governed by *Ohio v. Roberts*, 448 U.S. 56 (1980), *overruled in part by Crawford v. Washington*, 541 U.S. 36 (2004), and *Lilly v. Virginia*, 527 U.S. 116 (1999).[1]

Under *Roberts*, the admission of an accomplice's out-of-court statement inculpating a criminal defendant does not violate the Confrontation Clause if the witness is unavailable and the statement bears particularized guarantees of trustworthiness. *Roberts*, 448 U.S. at 66. Here, it is uncontested that Andrade was

---

[1] Although *Crawford* abrogated the *Roberts* test, *Roberts* applies to this case because *Crawford* was decided after Guerra's conviction became final. *Whorton v. Bockting*, 549 U.S. 406, 409 (2007).

2

unavailable to testify at trial. A statement may be admitted "[w]hen a court can be confident . . . that 'the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.'" *Lilly*, 527 U.S. at 136 (quoting *Idaho v. Wright*, 497 U.S. 805, 820 (1990)).

In evaluating the trustworthiness of Andrade's statements, the California Court of Appeal considered extrinsic evidence presented at Guerra's trial. By taking into account this corroborating evidence, the California Court of Appeal's decision was contrary to clearly established federal law. *See Lilly*, 527 U.S. at 137–38; *Wright*, 497 U.S. at 822–23. Thus, we review *de novo* whether the admission of Andrade's out-of-court statement violated Guerra's confrontation right. *Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008) (en banc).

After *de novo* review, we conclude that Andrade's statement contains sufficient indicia of reliability to demonstrate its trustworthiness. Andrade's statement to Cesar Mariscal, a fellow gang member, was not made under coercive conditions. Andrade identified Guerra as the other shooter involved in the incident prior to inquiring whether Mariscal was cooperating with the police. Even after expressing his suspicion that the police were involved, Andrade persisted in confiding in Mariscal and continued to provide detailed information about the shooting that only a participant in the crime would know. Although Andrade did

3

implicate Guerra as the other shooter, in doing so he was not attempting to foist blame on Guerra while minimizing his own responsibility. Instead, Andrade was "unabashedly inculpating himself while making no effort to mitigate his own conduct," *Padilla v. Terhune*, 309 F.3d 614, 619 (9th Cir. 2002) (quoting *United States v. Boone*, 229 F.3d 1231, 1234 (9th Cir. 2000) (internal quotation marks omitted), even wishing that he could take more credit. That Andrade told Mariscal in the course of conversation that another gang member, Scrappy, was in jail for murder instead of vandalism does not detract from the reliability of Andrade's statements regarding the shooting given their highly detailed nature and Andrade's willingness to take credit for what had occurred. Thus, we conclude that Andrade's statements bear sufficient indicia of reliability and that their admission at Guerra's trial did not violate Guerra's confrontation right.

Guerra presented an uncertified issue in his opening brief, arguing that the district court erred in denying his claim of ineffective assistance of trial counsel for failure to interview potential alibi witnesses and present an alibi defense. We construe its inclusion as a motion to expand the certificate of appealability. Because reasonable jurists would not find the uncertified issue debatable, we deny that motion. 28 U.S.C. § 2253(c)(2); *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

**AFFIRMED.**