**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW G. JENNINGS, | No. 10-16432 |
| Petitioner - Appellant, | D.C. No. 4:01-cv-03751-PJH |
| v. | |
| D. L. RUNNELS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted September 12, 2012
San Francisco, California

Before: ALARCÓN, GRABER, and BERZON, Circuit Judges.

Matthew Jennings appeals the district court's partial denial of his 28 U.S.C.

§ 2254 habeas petition, which challenged his conviction and sentence of life

without parole for aiding and abetting first-degree murder and for the special

circumstances of felony murder and lying-in-wait. We review the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

decision de novo, *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012), and affirm.

**1.** Jennings contends that the introduction at his trial of certain portions of his non-testifying accomplices' confessions violated his Sixth Amendment right to confrontation and was prejudicial error. This case predates *Crawford v. Washington*, 541 U.S. 36 (2004), so Jennings's Confrontation Clause claims are governed by *Ohio v. Roberts*, 448 U.S. 56 (1980), and *Lilly v. Virginia*, 527 U.S. 116 (1999). We need not decide whether the challenged statements were admissible under *Roberts* and *Lilly*. Even if their introduction was constitutional error, it was harmless.

Erroneous admission of out-of-court statements by a non-testifying declarant is a trial-type error, *Padilla v. Terhune*, 309 F.3d 614, 621 (9th Cir. 2002), which merits habeas relief only if it "had substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks omitted); *see also Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011). We apply the *Brecht* test directly, rather than separately considering the reasonableness of the state court's harmlessness determination. *Fry v. Pliler*, 551 U.S. 112, 121–22 (2007).

The challenged portions of the confessions could not have had a substantial influence on Jennings's murder conviction. The jury could have relied on a felony-murder theory, which required proof only of Jennings's intent to commit the predicate felony—here, burglary or robbery—and that the murder occurred in the course of that felony. *See Duncan v. Ornoski*, 528 F.3d 1222, 1233 (9th Cir. 2008) (describing the requirements for a first-degree felony murder conviction in California). Jennings does not challenge his convictions for burglary and robbery on appeal or that the murder occurred in the course of the burglary and robbery. Consequently, our harmlessness inquiry focuses only on the special circumstances portion of the verdict. And, because the felony-murder special circumstance is sufficient to uphold Jennings's sentence of life without possibility of parole, we do not address the lying-in-wait special circumstance.

The challenged portions of the confessions were harmless with respect to the felony-murder special circumstance because *unchallenged* statements, combined with other testimony, provided strong, independent evidence that Jennings was a "major participant" in the burglary and robbery who displayed "reckless indifference to human life." *See* Cal. Penal Code § 190.2(a)(17), (d). *Delaware v. Van Arsdall* established the factors to be considered in determining whether a

Confrontation Clause violation is prejudicial. 475 U.S. 673, 684 (1986). We apply those factors.

First, although the challenged statements figured to some degree in the prosecution's case, they were corroborated by, and cumulative of, evidence of Jennings's indifference to human life not challenged on appeal. In particular, unchallenged statements established that Jennings came to the LeeWards store with the other culprits; that there was a prior plan to set fire to the store, with the victim inside; that Jennings and a codefendant were the ones who obtained the gasoline to carry out this plot by siphoning it from a car; and that the gasoline was taken to the crime scene and left nearby. Although it turned out that the victim was killed without use of the gasoline and while Jennings was not present, Jennings's knowledge of and involvement in the gasoline plot is strong evidence that he went into the robbery cognizant that the victim could be killed. The prosecution emphasized the collection and planned use of the gas repeatedly in closing arguments. That no fire was set does not make the evidence less probative of Jennings's "subjective awareness of the grave risk to human life created by his . . . participation in the underlying felony," as it remains strongly indicative of a plan to assure that, one way or another, the victim would not live to identify the robbers.

*See People v. Estrada*, 11 Cal.4th 568, 578 (1995) (defining "reckless indifference to human life" under California law).

Other evidence confirmed that Jennings was at least recklessly indifferent to human life in carrying out the robbery. Some of the codefendants were armed when they arrived with Jennings at the scene of the crime, making it evident that violence against the victim was likely. Moreover, Jennings was aware that two of the robbers were known to the victim but wore no disguises. Further, Jennings was with the other robbers at various locations where the crime was discussed. Finally, one witness, Cynthia Tipton, testified that another witness, Robert Standard, told her he had heard the culprits planning both the robbery and the killing while Jennings was present. Although Standard denied the statement at trial, the jury could have credited Tipton rather than Standard. In light of this evidence and the gasoline plot, of which Jennings was a part, we conclude the challenged statements did not substantially influence the jury's verdict.

As to the "major participant" prong, essential to the felony-murder special circumstance, evidence other than the challenged confessions persuasively revealed Jennings's role in the burglary and robbery to be at least "notable or conspicuous in effect or scope." *People v. Proby*, 60 Cal. App.4th 922, 933–34 (1998); Cal. Penal Code § 190.2(a)(17), (d). Jennings admitted his involvement in

the robbery and burglary to his ex-girlfriends; unchallenged portions of the codefendants' confessions describing Jennings as the look-out established that he came into the store with the other burglars and then served as the driver of the getaway car; circumstantial evidence demonstrated his close relationship with the accomplices; and Jennings shared substantially in the loot from the robbery. In view of this evidence, the challenged statements could not have significantly affected the verdict with regard to Jennings's role in the underlying robbery and burglary.

**2.** Jennings's challenge to the sufficiency of the evidence for the felony-murder special circumstance fails because he cannot show that "no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam). Because reversal for insufficient evidence bars retrial, sufficiency review under *Jackson v. Virginia*, 443 U.S. 307 (1979), must consider all the evidence admitted by the trial court, regardless whether that evidence was admitted erroneously. *See McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010). The California Court of Appeal reasonably applied *Jackson* in holding the evidence sufficient to sustain the felony-murder special circumstance.

**3.** Finally, the state court reasonably concluded that the admission of testimony that Jennings had bragged about using a stun gun in a prior robbery did

-6-

not render the trial fundamentally unfair in violation of due process. Even if this evidence were introduced to show that Jennings committed the crime for which he was on trial, the Supreme Court has not held that propensity evidence violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) (reserving the question of whether admission of prior crimes evidence to show propensity would violate the Due Process Clause); *see also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) ("[The Supreme Court] has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ."). The absence of Supreme Court precedent on point forecloses any argument that the state court's decision was contrary to or an unreasonable application of clearly established federal law. *See Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008).

For the foregoing reasons, the district court's denial of Jennings's habeas petition is **AFFIRMED.**