**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS REYNOSO FLORES,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>WILLIAM MUNIZ, Warden,<br><br>        Respondent-Appellee. | No.   18-15992<br><br>D.C. No.<br>1:16-cv-01475-LJO-JDP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before: SCHROEDER and BUMATAY, Circuit Judges, and MORRIS,** District Judge.

    Jesus Flores appeals from the District Court's order denying his federal

petition for a writ of habeas corpus. We affirm.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Flores initially waived his Miranda rights during a custodial interrogation. After the detectives told Flores to start over, Flores replied, "I'm done talking." The detectives continued talking to Flores for over two hours, with the conversation culminating in Flores's confession. The California state district court admitted the confession, at trial, over Flores's objection. A jury convicted Flores of attempted murder and first-degree murder with special circumstances of (1) committing murder while laying-in-wait; and (2) committing murder while engaged in the commission or attempted commission of a robbery.

Flores filed a federal habeas petition after having exhausted his state court remedies. The District Court denied the petition. This Court granted a certificate of appealability on two issues: (1) whether Flores's confession violated his *Miranda* rights; and (2) if so, whether the admission of the confession at trial constituted harmless error. We review the District Court's denial de novo. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005).

Flores argues that he clearly invoked his *Miranda* rights and that the continued police interrogation violated that invocation. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). We agree that his statement, "I'm done talking," cannot reasonably be interpreted as anything except a facially unambiguous invocation of the right to remain silent. *See Anderson v. Terhune*, 516 F.3d 781,

787 (9th Cir. 2008) (en banc). The continued questioning that led to Flores's confession violated his *Miranda* rights.

Although the state court erred in admitting Flores' statements at trial, such error proves harmless. Flores argues that his confession constituted the only evidence at trial regarding the laying-in-wait special circumstance. Respondent asserts that each special circumstance, on its own, resulted in Flores receiving a life sentence without the possibility of parole. If sufficient evidence supports the robbery/attempted robbery special circumstance, Flores's sentence would remain unchanged. Given the volume of undisputed evidence establishing Flores's guilt— including video footage of the shooting and testimony from multiple witnesses that Flores admitted to the shooting—the introduction of Flores's confession proves cumulative. *See Padilla v. Terhune*, 309 F.3d 614, 622 (9th Cir. 2002). The prosecution paid scant attention to Flores's confession during its closing argument, instead encouraging the jury to rely on the video evidence. *See Brecht v. Abrahamson*, 507 U.S. 619, 639 (1993).

Sufficient evidence existed to support a jury finding Flores guilty of premeditated murder in the commission of a robbery or attempted robbery, even without Flores's confession. We cannot say that the trial court's erroneous admission had a substantial and injurious effect or influence in determining the jury's verdict. *See id.* at 623.

**AFFIRMED**.