UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

BENJAMIN MACIAS,

        Defendant-Appellant.

No.   19-10054

D.C. No.
2:15-cr-00125-GEB-1
Eastern District of California,
Sacramento

ORDER

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,* District Judge.

The dissent to the memorandum disposition filed on April 29, 2020, and published at 2020 WL 2071541, is amended to correct a citation and filed concurrently with this order.

---

     * The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10054 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00125-GEB-1 |
| v. | |
| BENJAMIN MACIAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 15, 2020**
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District Judge.

Benjamin Macias appeals his conviction and sentence for drug and firearms

charges based on a series of cocaine transactions between December 2014 and July

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This appeal is ordered submitted on the briefs as of April 15, 2020, pursuant to Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

2015.  We review a possible violation of the Sixth Amendment de novo, *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019), and the admission of evidence for abuse of discretion and prejudicial error, *United States v. Carpenter*, 923 F.3d 1172, 1180-81 (9th Cir. 2019).  We review for abuse of discretion both the application of a sentencing enhancement and the dismissal of a juror after deliberations have commenced.  *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc); *United States v. Christensen*, 828 F.3d 763, 806 (9th Cir. 2015).  We deny Macias's appeal and affirm the district court's rulings.

1.  Macias's argument that only he had the authority to waive time for purposes of a constitutionally speedy trial is unavailing.  Macias rests his argument on an analogy to *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).  Distinguishing decisions reserved for the client from those which are the lawyer's province, *McCoy* noted that trial management is generally controlled by counsel.  *Id.* at 1508.  As counsel's trial management authority applies to scheduling matters, including agreements to delay trial, *New York v. Hill*, 528 U.S. 110, 115 (2000), Macias's analogy to *McCoy* is inapposite.

This court has evaluated constitutional speedy trial claims under the framework laid out in *Barker v. Wingo*, 407 U.S. 514 (1972), even where a defendant disagreed with his counsel's trial scheduling decisions, *United States v. Lam*, 251 F.3d 852, 854-55 (9th Cir. 2001).  As Macias made no argument to this

court under the *Barker* framework, and in fact specifically disclaimed the applicability of the framework, we do not reach any such analysis.

2. Any error in admitting evidence of drug sales by Macias for which he was not charged under Rule 404(b) of the Federal Rules of Evidence was harmless. *See Carpenter*, 923 F.3d at 1182-83. As Macias acknowledges, the government's case against him was overwhelming even excluding this evidence.

3. The court did not abuse its discretion in dismissing Juror #6 after deliberations began because Juror No. 6 was discharged for good cause and there is no reasonable possibility that the dismissal was based on the juror's views of the merits. *See United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 1999).

The court made two findings that were supported by the record and were valid grounds for dismissing Juror No. 6.

First, the court held that Juror No. 6 was not credible in claiming he had safety concerns, because the record showed that Juror No. 6 "was trying to figure out how to get off this case" even before jury deliberations began, and failed to communicate his alleged safety concerns to the judge before deliberations despite receiving instructions about how to do so. A court's determination that a juror "was untruthful with the court and untrustworthy" is a valid basis for discharging a juror, and "[w]e afford special deference to a trial court's adverse credibility finding because the determination of credibility is largely one of demeanor."

3

*Christensen*, 828 F.3d at 808 (quotation omitted).

Second, the court held that Juror No. 6 refused to participate in deliberations for reasons other than his views on the merits. The record also supports this finding, because the juror stated that he had been "[t]rying to figure out how to get excused" from the jury well before jury deliberations commenced, that he knew he wanted to be excused as soon as he entered the jury room, and that he was not willing to engage in deliberations. This is another valid basis for excusing the juror; we "generally defer to the district court's good cause determinations because the district court is in the best position to evaluate the jury's ability to deliberate." *Id.* (quotation omitted).

We reject the argument that there was "any reasonable possibility that the impetus" for Juror No. 6's dismissal stemmed from his views on the merits of the case." *Id.* at 807. As noted above, Juror No. 6 emphasized that he had decided he needed to be excused from the case well before jury deliberations began, and the court could reasonably disbelieve his single statement that he felt "he was being forced to give a different opinion in the room." We have previously upheld the dismissal of a juror who claimed that other jurors wanted to remove him because of his views on the merits, because the court reasonably concluded that the juror was not credible and there were other reasons for the dismissal. *Id.* at 811-12. Moreover, Juror No.6 raised his concerns to the court just 95 minutes into

4

deliberations, which we have held indicates that he was not motivated by any disagreement on the merits with other jurors. *See id.* at 811 (describing it as "highly unlikely" that complaints about a juror were motivated by a disagreement on the merits when the issue was raised a "little more than an hour after deliberations began," which is "very early in the process").

In these circumstances, the district court did not abuse its discretion in not questioning Juror No.6 or other jurors further. Because the court had sufficient grounds to dismiss Juror No.6, additional questioning was not required. *Id.* at 808. While a more intrusive inquiry may be justified where the trial court had no grounds for dismissing the juror other than the juror's request for dismissal, *see United States v. Decoud*, 456 F.3d 996, 1017 (9th Cir. 2006), such an inquiry is not required, and is generally discouraged, *see Christensen*, 828 F.3d at 808 ("A court may not delve deeply into a juror's motivations because it may not intrude on the secrecy of the jury's deliberations.") (quotation omitted). We should avoid substituting our reasonable choices over the trial judge's rational decisions on credibility and process. We therefore defer to the court's considered decision not to probe further than necessary and uphold its determination to dismiss the juror for good cause.

4. The district court properly applied a sentencing enhancement for reckless endangerment during flight. Macias fled the scene of the drug transaction where

5

law enforcement agents were present and sped at up to 90 miles per hour on the highway, weaving between cars, confirming that he was trying to get away from law enforcement. The court did not abuse its discretion in finding both that Macias engaged in flight from law enforcement and that his conduct was reckless. *See United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483-84 (9th Cir. 1997).

Macias's appeal is DENIED.

*United States v. Macias*, No. 19-10054

BERZON, Circuit Judge, dissenting:

I concur in Parts 1, 2, and 4 of the memorandum disposition, but respectfully dissent from Part 3. I would grant Macias's appeal based on the district court's dismissal of a juror without adequate inquiry into the juror's reasons for requesting dismissal, where the juror's responses to the court's questions indicated a reasonable possibility that his request for dismissal was based on his views of the merits of the case.

The court dismissed the juror after finding that he refused to deliberate and that he was not credible. A court's dismissal of a juror after deliberations have commenced is improper if there is a reasonable possibility that the request for dismissal stems from the juror's views on the merits of the case. *United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 1999). Here, a juror informed the court of his discomfort and nervousness regarding his jury service. In response to a question about why he did not want to be a juror, the juror stated that he felt pressured to "give a different opinion" in the jury room. Under these circumstances, the district court should have acceded to defense counsel's request—after a lengthy colloquy—to ask the juror a further question regarding any improper behavior by the other members of the jury, just as the district court did in *United States v. Decoud*, 456 F.3d 996, 1005 (9th Cir. 2006). *Decoud* held

1

that the district court did not abuse its discretion in dismissing a juror in part because the court, in recalling the juror to answer an additional question regarding the other jurors' behavior, ensured there was no reasonable possibility that the juror harbored a reason for discharge other than her stated concerns. *Id.* at 1017.

The majority is correct that district courts "may not intrude on the secrecy of the jury's deliberations," *United States v. Christensen*, 828 F.3d 763, 811 (9th Cir. 2015) (quoting *Symington*, 195 F.3d at 1086), but misinterprets this instruction to suggest that district courts are generally discouraged from asking questions about the behavior of the other members of the jury when they already have grounds to dismiss a juror. Although "necessarily constrained" by the mandate to avoid intruding into the jury's deliberations, a court may "rightly instruct[] each juror questioned not to volunteer information beyond what the court asked and not to discuss the content of deliberations or any juror's views on the merits." *Id.*

The district court in *Decoud* had sufficient grounds to dismiss a juror based on her religious views after an initial round of questioning. The juror had not indicated any pressure from other jurors, but the court still recalled the juror to ask one further question, to eliminate the reasonable possibility that the request for dismissal stemmed from the juror's views of the merits. 456 F.3d at 1003-05, 1017. The court did not err in asking the additional question about any "improprieties by the other jurors," but rather "took care in inquiring into the

2

circumstances that gave rise to the juror's request for discharge" and "ma[de] sure that there was no reasonable possibility that the juror harbored some other reason for discharge, such as her views on the merits of the case." *Id*. at 1017.

The court's adverse credibility finding cannot be sustained on the current record. It appears to stem from the juror's failure to inform the court, prior to the commencement of deliberations, of his concerns regarding the proximity of his home to the location of one drug transaction. Yet the court ascertained that the juror was not in fact concerned about his safety. Had there been further inquiry, what was really bothering the juror could well have been explained. As the juror said, until he walked into the jury room, he did not fully appreciate the fact of being a juror, and he then felt pressured to agree with his peers. The question the court should have asked is why he felt that pressure.

For these reasons, I would grant the appeal.

3