**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50013 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00108-AG-1 |
| v. | |
| PEDRO HERNANDEZ, AKA Flaca Flaca, AKA Flaco, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 6, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[***] District Judge.

Pedro Hernandez was convicted in the Central District of California of

multiple drug and gun offenses and sentenced to seventy months of imprisonment.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

Prior to his trial, the district court denied Hernandez's motion to dismiss the Government's indictment on Sixth Amendment speedy trial grounds and under Federal Rule of Criminal Procedure 48(b). We review the district court's legal analysis on a Sixth Amendment claim de novo and its factual findings for clear error. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003). We review a denial of a Rule 48(b) motion for abuse of discretion. *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 737 (9th Cir. 1989). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's ruling.

1.    To determine if a Sixth Amendment speedy trial violation occurred, we apply the four-factor test articulated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Those factors are: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his speedy trial rights, and (4) prejudice to the defendant. *Id.* "A court balances all four of these factors in a practical, case-by-case analysis under *Barker*." *United States v. Myers*, 930 F.3d 1113, 1120 (9th Cir. 2019) (citation omitted). No single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant."[1] *Id.*

---

[1] The first *Barker* factor is not disputed. The Government concedes that the delay exceeds the one-year delay generally considered presumptively prejudicial. *See United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019). Although

Hernandez was indicted on federal charges in July 2013, but the FBI's attempts to locate and arrest Hernandez proved unsuccessful. Approximately eighteen months after he was indicted by the federal government, Hernandez was arrested on unrelated state charges in Yuma County, Colorado. A federal detainer was issued against Hernandez, but the FBI (by its own admission) had negligently lifted the detainer prior to his release from state custody in June 2015. The FBI did not apprehend Hernandez until February 2017, when he was arrested pursuant to a renewed detainer and transferred to California to face federal charges. Therefore, the FBI's negligence caused Hernandez's federal trial to be delayed an additional twenty months.

Finding that Hernandez avoided apprehension by living under an alias in a remote part of Colorado, the district court attributed the twenty-three months preceding his release from state custody to Hernandez's conduct. Hernandez contends that the district court's findings were not supported by any evidence. Regardless of whether Hernandez took steps to avoid apprehension, the second factor favors dismissal only if the Government failed to pursue Hernandez with "reasonable diligence." *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008). We hold that the Government satisfied this obligation when it attempted to

---

Hernandez's "prompt assertion of [his] speedy trial rights weighs, at least slightly, in [his] favor," *Barker*'s third factor does not tip the balance here. *See Gregory*, 322 F.3d at 1162 n.4. Accordingly, we discuss only the second and fourth factor.

19-50013

arrest Hernandez at his last-known address, circulated Hernandez's photograph at nearby businesses, and monitored a federal law enforcement database. Our holding renders it unnecessary to resolve Hernandez's challenge to the district court's factual findings.

*Barker*'s fourth factor requires that we consider how the delay prejudiced Hernandez. Because only twenty months of the delay in this case is attributable to the Government's negligence, Hernandez has the burden to demonstrate actual prejudice. *See Gregory*, 322 F.3d at 1162–63; *United States v. Beamon*, 992 F.2d 1009, 1013–14 (9th Cir. 1993).

We affirm the district court's ruling that Hernandez suffered no actual prejudice. The Supreme Court recognizes that an unreasonable delay can prejudice a defendant in three ways: (1) "oppressive pretrial incarceration," (2) "anxiety and concern of the accused," and (3) "the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Hernandez claims to have suffered all three types of prejudice, but his assertions are not persuasive.

Hernandez argues that he suffered oppressive pretrial incarceration because the Government negligently released a federal detainer on him while he was held by Colorado authorities, and this act of negligence caused him to lose custody credits that would have reduced the time spent serving his federal sentence. Assuming loss of pretrial custody credits would have caused him actual prejudice,

4

Hernandez fails to explain how he would have been entitled to them had the federal detainer not been lifted.

Hernandez contends that he suffered excessive anxiety when he was arrested on federal charges twenty months after he had been released from Colorado custody. There is little in the record to support Hernandez's claims of anxiety.

Lastly, Hernandez argues the long delay impaired his ability to prepare an adequate defense. He asserts that "the passage of time . . . unquestionably affected the memory of [Hernandez] and the [law enforcement] agents" without any specific examples or proof that Hernandez's defense was impaired by dimmed memories. This assertion is speculative, and the district court correctly concluded that Hernandez failed to meet his burden to prove actual prejudice. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112–13 (9th Cir. 2007). Therefore, we affirm the district court's holding that Hernandez's Sixth Amendment rights were not infringed upon.

2. The district court did not abuse its discretion in denying Hernandez's Rule 48(b) motion. A Rule 48(b) dismissal is a severe remedy that "should be imposed only in extreme circumstances." *Sears*, 877 F.2d at 737. Hernandez makes no showing that the district court abused its discretion in denying dismissal under Rule 48(b). Moreover, Hernandez has not cited any case where this Court deemed a denial of a Rule 48(b) motion to be an abuse of discretion.

19-50013

**AFFIRMED.**