**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50432 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00767-AB-2 |
| v. | |
| DARONNIE THOMPKINS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted June 5, 2020
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,**
District Judge.

Daronnie Thompkins (Thompkins) appeals certain aspects of his trial that

led to his conviction for armed bank robbery and conspiracy to commit armed bank

robbery, and related sentences.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

**1.** Reviewing for plain error, we conclude that the district court did not violate Thompkins' Sixth Amendment Right to a speedy trial by granting his co-defendant's request for a continuance. *See United States v. Carrasco*, 257 F.3d 1045, 1050 (9th Cir. 2001) (reviewing for plain error when defendant "never filed a motion to dismiss" based on violation of right to a speedy trial).[1] Although Thompkins alleged roughly an eight-month delay, he contributed substantially to the delay. *See United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003) (noting a "consensus" of eight months as the threshold minimum for a speedy trial violation). Thompkins stipulated to a four-month continuance. Subsequently, his co-defendant requested, and the government agreed to, an additional continuance of approximately three months. *See United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (considering "whether the government or the criminal defendant is more to blame for the delay") (citation omitted). Thompkins also failed to establish any prejudice from the delay, including "oppressive pretrial incarceration;" heightened "anxiety and concern;" or impairment of his defense. *Id.* at 1120.

---

[1] Thompkins abandoned his claim under the Speedy Trial Act by failing to move for dismissal. *See United States v. Tanh Huu Lam*, 251 F.3d 852, 860, *as amended on denial of reh'g and reh'g en banc* (9th Cir. 2001).

**2.** Thompkins failed to establish that his statements to the interrogating agent were involuntary. The agent: (1) stated that he would report any cooperation by Thompkins to the arresting agency and that the cooperation might impress the judge; (2) stated that cooperation would help reduce his sentence; (3) urged Thompkins to cooperate to minimize time away from his children; and (4) represented that he would investigate whether Thompkins could talk to his kids. None of these statements interfered with Thompkins' right to remain silent, or demonstrated that his will was overborne. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988) ("An interrogating agent's promise to inform the government prosecutor about a suspect's cooperation does not render a subsequent statement involuntary, even when it is accompanied by a promise to recommend leniency or by speculation that cooperation will have a positive effect.") (citations and footnote reference omitted). In any event, the weight of the evidence of guilt rendered any error in the admitting the confession harmless. *See Padilla v. Terhune*, 309 F.3d 614, 622 (9th Cir. 2002).

**3.** Under plain error review, there was sufficient evidence of Thompkins' guilt. *See United States v. Gadson*, 763 F.3d 1189, 1218 (9th Cir. 2014) ("review[ing] for plain error" when the defendant "did not move for acquittal at the close of trial"). "[V]iewing the evidence in the light most favorable to the

3

prosecution, any rational trier of fact could have found the essential elements of [armed bank robbery and conspiracy to commit armed bank robbery] beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (articulating sufficiency of the evidence standard).

Thompkins provided the gun used by his co-conspirator to commit the robbery. It was completely foreseeable that the co-conspirator would use the gun to coerce a bank employee to open the money vault. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (confirming that "it was foreseeable that a gun would be used in the bank robbery"). Thompkins' disputes all go to credibility and the weight of the evidence, but the standard of review forecloses these arguments. *See Nevils*, 598 F.3d at 1163-64.

**4.**     The sentence imposed was substantively reasonable. Even if the six-level firearm enhancement disproportionately impacted Thompkins' sentence, the district court found that the gun's use was reasonably foreseeable under a clear and convincing evidentiary standard. *See United States v. Barragan*, 871 F.3d 689, 717 (9th Cir. 2017) (discussing clear and convincing standard).

As the district court evaluated all factors set forth in 18 U.S.C. § 3553(a) and all mitigating factors, the district court did not abuse its discretion in sentencing Thompkins, or in declining to grant a downward variance due to the government's

failure to move for a third point for acceptance of responsibility. *See United States v. Carty*, 520 F.3d 984, 991, 993 (9th Cir. 2008) (en banc) (reviewing sentence for reasonableness); *see also United States v. Baldrich*, 471 F.3d 1110, 1112, 1115–16 (9th Cir. 2006) (rejecting challenge to the government's refusal to file a motion recommending a "third one-level reduction" because defendant failed to provide evidence of "an unconstitutional motive" or "reasons not rationally related to any legitimate governmental interest"). Finally, no evidence in the record reflected that the district court imposed Thompkins' sentence to facilitate rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 334 (2011) (explaining that a "court commits no error by discussing the opportunities for rehabilitation within prison").

**AFFIRMED**.