NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br> v.<br><br>LUIS OSWALDO ALFARO-HIDALGO, AKA Carlos Figueroa,<br><br>          Defendant-Appellant. | No. 21-10066<br><br>D.C. No. 3:19-cr-00035-MMD-WGC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted December 9, 2021**
San Francisco, California

Before:  GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,*** Judge.

Luis Oswaldo Alfaro-Hidalgo appeals his conviction, after a conditional plea

of guilty, to a single count of violating 8 U.S.C. § 1326(a).  He contends that the

district court erred in denying his motion to dismiss his indictment based on an

asserted violation of his rights under the Sixth Amendment's Speedy Trial Clause.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

*** The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019), we affirm.

We evaluate Sixth Amendment speedy trial claims using the four-factor test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  Under that test, we consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 530.  No one factor is either "necessary or sufficient," and "courts must still engage in a difficult and sensitive balancing process." *Id.* at 533.

As for the first factor, the defendant must make an initial showing that the length of delay "has crossed the threshold dividing ordinary" delay from that which courts will deem "unreasonable enough to trigger" an inquiry under the *Barker* factors.  *Doggett v. United States*, 505 U.S. 647, 651–52 & n.1 (1992).  We measure the delay "from the time of the indictment to the time of trial," *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989), and follow the "general consensus among the courts of appeals that eight months constitutes the threshold minimum," *United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003).  Here, the delay between Alfaro-Hidalgo's July 18, 2019 indictment and his initial March 24, 2020 trial date exceeds eight months, and therefore the requisite threshold, by only a few days.  Because the length of this delay barely exceeds the minimum, it "does not weigh heavily" in Alfaro-Hidalgo's favor in the *Barker*

analysis.  *Id.* at 1162 (22-month delay); *see also United States v. Lam*, 251 F.3d 852, 857 (9th Cir. 2001) (15-month delay "militates slightly" in defendant's favor).

The second factor is the reason for the delay.  The Government proffered two reasons, each of which accounts for different portions of the delay.  First, the Government waited for Alfaro-Hidalgo's then-pending state prosecution to be completed before filing a writ to transfer him into federal custody.  We have declined to adopt any bright-line rule about whether delay caused by concurrent prosecutions is justified and have instead held that "a court must consider the nature and circumstances of the delay" in light of the facts of the case.  *Myers*, 930 F.3d at 1121–22.  Alfaro-Hidalgo pleaded guilty in state court only three weeks after his federal indictment, and he was sentenced less than seven weeks after his guilty plea.  Given the very modest delay in allowing the state court proceedings to come to their prompt conclusion, we conclude that the Government's decision to allow those proceedings to wrap up, rather than to have each sovereign writ Alfaro-Hidalgo in and out of custody, was justifiable.  *Id*. at 1121 (noting that, while a per se rule is unwarranted, the "administrative costs" of multiple "opposing writs" remains a factor to be considered) (citation omitted).[1]

The Government's second justification for the delay was that, during the

---

[1] We therefore attach little weight, in this case, to Alfaro-Hidalgo's contentions about the respective locations of the relevant custodial facilities.  Accordingly, his motion for judicial notice is denied.

month immediately following the completion of Alfaro-Hidalgo's state prosecution, the Assistant U.S. Attorney assigned to the case was dealing with the illness of an out-of-town family member. While this might account for some period of additional delay, it was nonetheless negligent not to take any steps to transfer Alfaro-Hidalgo until two months after the state case was over. Although negligence "is obviously to be weighed more lightly" than bad faith, "it still falls on the wrong side of the divide between acceptable and unacceptable reasons" for delay. *Doggett*, 505 U.S. at 657.

In assessing the significance of these two reasons for the two different portions of the delay, we note that Alfaro-Hidalgo's sole plausible claim of prejudice is that his federal criminal history score in his § 1326 case was adversely affected by the completion of his state prosecution. *See infra* at 5. Thus, the *relevant* delay is the initial portion that we have concluded was justified. This factor thus weighs in favor of the Government.

The third factor focuses on "whether and how a defendant asserts his right" to a speedy trial. 407 U.S. at 531. After appearing in federal court, Alfaro-Hidalgo stipulated to a six-month continuance of his trial and only moved to dismiss the indictment more than two months after his originally scheduled trial date. But given that his claim is that he was *already* prejudiced by the initial delay that allowed the completion of his state case before he first arrived in federal court,

Alfaro-Hidalgo's stipulation to a six-month continuance is not inconsistent with that claim of prejudicial delay.[2]  This factor is thus neutral.

We have described the fourth factor, prejudice, as the "critical" factor. *Gregory*, 322 F.3d at 1162.  As noted, Alfaro-Hidalgo's claim is that he was prejudiced because the completion of his state proceedings adversely affected the federal guidelines range in his § 1326 case.  If the *federal* case had been completed first, Alfaro-Hidalgo contends, his guidelines range would have been 15-to-21-months rather than 46-to-57-months.  But as we held in *Gregory*, "in light of the district court's ability to depart downward," this sort of claim of prejudice to the ensuing federal sentencing "is speculative rather than actual."  *Id.* at 1164.  Indeed, the holding of *Gregory* applies with even greater force under current federal sentencing law, in which the guidelines are no longer mandatory and judges have substantial discretion, not just to depart within the guidelines, but to vary from them.  *See*, *e.g.*, *Spears v. United States*, 555 U.S. 261, 264–65 (2009).  And, as it turned out, Alfaro-Hidalgo received a 15-month sentence.

Taking the *Barker* factors together, we conclude that this case presents a modest delay, the relevant portion of which was amply justified, and a claim of

---

[2] To the extent that Alfaro-Hidalgo claims that the delay of his federal first appearance had the effect of delaying the start of his 70-day clock under the Speedy Trial Act, that speculative claim of prejudice is hard to square with his acquiescence in a six-month delay.

prejudice that was speculative rather than actual.  Under these circumstances, the district court correctly rejected Alfaro-Hidalgo's claim under the Speedy Trial Clause.

**AFFIRMED.**