**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30022 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00010-SPW-1 |
| v. | |
| GREGORY REX WILSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 7, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Gregory Wilson appeals the district court's denial of his motion to dismiss the indictment based on the Sixth Amendment right to a speedy trial and the Fifth Amendment due process right against excessive pre-indictment delay.  We affirm on both grounds.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We review the speedy trial claim de novo, but the district court's factual findings for clear error. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003). We review the due process claim for abuse of discretion. *Id.* at 1161.

**1.** When reviewing a speedy trial claim, we are guided by four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Balancing the factors and relevant circumstances, Wilson's claim fails. The 43-month delay after indictment weighs in his favor. But even assuming a part of the delay weighs against the government, Wilson also contributed to the delay and cannot show that the delay caused him prejudice.

A deliberate attempt to delay weighs "heavily against the government," while a more neutral reason like negligence weighs "less heavily," and a valid reason justifies a delay. *Id.* at 531. The parties' core dispute is whether the 26-month delay between indictment and initial appearance was unreasonable. When Wilson was indicted in January 2017, for conduct that occurred in 2014, he was in custody in the District of Oregon on unrelated charges. Wilson's initial appearance in the District of Montana did not take place until March 2019. Wilson asserts this delay must weigh against the government because the government did not adduce

evidence showing that concurrent prosecution of the present case and the Oregon case would have presented administrative or safety concerns. *See United States v. Myers*, 930 F.3d 1113, 1121 (9th Cir. 2019). But even assuming this delay should weigh against the government, it is outweighed by Wilson's delay and the lack of prejudice.

Wilson obtained numerous continuances that further delayed trial and must weigh against him under the second factor of the analysis. *See Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009). While the government could have made the discovery disclosures he complains of sooner, they were made with reasonable pre-trial notice and several of the continuances were not related to the government's disclosures.

The third factor is neutral because Wilson asserted his speedy trial right only after he obtained the continuances. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007).

As to the fourth factor, Wilson did not show more than minimal prejudice caused by the delay. His argument regarding a lost witness is too speculative and, given his delay in pursuing that witness, we cannot say the delay was the cause of his inability to locate her. *See id.* at 1113, 1116; *United States v. Guerrero*, 756 F.2d 1342, 1350 (9th Cir. 1984). Wilson also argues that he was prejudiced because the government intended to use his Oregon conviction at trial for

impeachment purposes. Even assuming that is a recognized form of prejudice, *see Gregory*, 322 F.3d at 1165, this argument relies on numerous contingencies, including the assumption that the Oregon case would have resolved later if the prosecutions had been concurrent.

To the extent Wilson claims the delay caused additional time in detention or prison, he was only entitled to pretrial detention credit towards one of his sentences, which he received. *See* 18 U.S.C. 3585(b). The government was not obligated to provide Wilson a global resolution of the Oregon and Montana cases, and given the district court's sentencing discretion, we cannot speculate what his sentence would have been if the cases had resolved as a packaged deal. *See Gregory*, 322 F.3d at 1164-65. Relatedly, his counsel could not confirm whether the detainer by the District of Montana was the reason he was denied pretrial release in Oregon. Finally, while Wilson may have suffered some anxiety and a lack of access to familial support, that loss is insufficient to establish a speedy trial right violation.

**2.** Wilson's due process pre-indictment delay claim fails for the same reasons he cannot show prejudice in the speedy trial context. Wilson cannot establish the threshold showing of "actual, non-speculative prejudice from the delay." *Corona-Verbera*, 509 F.3d at 1112. In the due process context, "protection from lost testimony [also] 'falls solely within the ambit of the statute of

4

limitations,'" *id*. at 1113, and impeachment by a prior conviction does not constitute prejudice, *Gregory*, 322 F.3d at 1165.

**AFFIRMED.**