NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>PAUL FRANCISCO TORRES III,<br><br>Defendant-Appellant. | No. 21-50285<br><br>D.C. No.<br>2:19-cr-00490-CAS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted June 20, 2023[**]

Before: MURGUIA, Chief Judge, CHRISTEN, Circuit Judge, and LYNN,[***]
District Judge.

Defendant-Appellant Paul Francisco Torres III was convicted of one count of

being a prohibited person in possession of ammunition, 18 U.S.C. § 922(g)(1). The

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

district court sentenced Torres to a custodial sentence of sixty months and a supervised-release term of three years. On appeal, Torres argues that: (1) the delay between his indictment and his trial violated the Sixth Amendment's Speedy Trial Clause; and (2) the district court erred in imposing certain conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      We review de novo the district court's denial of a motion to dismiss on Sixth Amendment grounds and the underlying findings of fact for clear error. *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019). "To assess whether the Speedy Trial Clause was violated, we apply the four-part balancing test from *Barker v. Wingo*, 407 U.S. 514 (1972), considering (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his rights, and (4) the prejudice to the defendant." *United States v. Lonich*, 23 F.4th 881, 893 (9th Cir. 2022).

Although the first factor, the length of the delay—here twenty-one and a half months—favors Torres, *see United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003), the balance of the *Barker* factors does not. The second factor, the reason for the delay, which is the "focal inquiry" of the balancing test, does not support Torres. *See United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989). The delay was attributable first to defense-requested continuances and then to the Central District of California's suspension of jury trials because of the COVID-19 pandemic. *See Barker*, 407 U.S. at 531 (distinguishing between

2

government-caused delays and delays for "neutral" or "valid" reasons); *United States v. Walker*, No. 21-10364, 2023 WL 3706535, at *10 (9th Cir. May 30, 2023). The third *Barker* factor is neutral because Torres asserted his right to a speedy trial only after requesting and acquiescing to continuances. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007). Finally, the fourth *Barker* factor, actual prejudice, weighs against Torres. Torres failed to establish that his pretrial incarceration impaired his ability to prepare a defense, and he did not provide evidence that his incarceration was unconstitutionally oppressive or that he endured unconstitutional anxiety. *See Barker*, 407 U.S. at 532.

Because the delay did not violate Torres's constitutional rights, we affirm the district court's decision declining to dismiss the indictment.

2. We review for plain error "[w]hen trial counsel fails to object to the imposition of a supervised release condition." *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). Under plain-error review, we reverse "only if there is an (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022) (cleaned up).

Torres argues for the first time on appeal that the district court erred in its imposition of certain conditions of supervised release. First, Torres argues that the

3

district court "misread and conflated" Conditions 3 and 4 in the oral pronouncement by imposing residential substance-abuse treatment rather than the outpatient substance-abuse treatment recommended by probation. But the record amply supports the district court's oral pronouncement. The court stated multiple times during sentencing that it intended to mandate residential substance-abuse treatment.

Second, Torres asks us to remand for the district court to fix a discrepancy between the written judgment and the oral pronouncement with respect to Condition 4. As the government recognizes, the oral pronouncement controls. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (citation omitted). Though the written judgment's Condition 4 omits the word "may," the written judgment nonetheless properly reflects the oral pronouncement. The minor omission does not require a remand.

In sum, the district court did not plainly err in its imposition of the supervised-release conditions.

**AFFIRMED.**