NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOAN DIAZ GONZALEZ,

Defendant - Appellant.

No. 24-3951

D.C. No.
2:20-cr-00116-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 3, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Joan Diaz Gonzalez was convicted of one count of illegal reentry in

violation of 8 U.S.C. § 1326. On appeal, he argues that the delay between his

indictment and trial violated the Sixth Amendment's Speedy Trial Clause. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the district court's denial of a motion to dismiss under the Speedy Trial Clause de novo, but we review the factual determinations underlying its decision for clear error. *See United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019). To determine whether the Speedy Trial Clause was violated, we apply the four-part balancing test from *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972), which considers: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's prior assertion of the right, and (4) the prejudice resulting from the delay." *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016) (per curiam). None of these "related" factors is "either a necessary or sufficient condition" for finding a violation. *Barker*, 407 U.S. at 533. Rather, all four factors are "considered together with such other circumstances as may be relevant." *Id.*

The first and third factors favor Diaz Gonzalez. The parties dispute how to calculate the relevant length of the delay, but their positions differ by only a few months, and either way, the first factor weighs in Diaz Gonzalez's favor. *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003). Because Diaz Gonzalez asserted his speedy trial right within two months of his federal arraignment, the third factor also favors him. *See Myers*, 930 F.3d at 1122 n.6.

The second and fourth factors do not favor Diaz Gonzalez. On the second factor, we review "with considerable deference" the district court's determination that the government acted with reasonable diligence in prosecuting Diaz

Gonzalez's case. *Doggett v. United States*, 505 U.S. 647, 652 (1992). Applying this deference, we find no error in the district court's finding that the government was reasonably diligent from March 2020 to September 2021, during the height of the COVID-19 pandemic. *See Barker*, 407 U.S. at 531 (differentiating government-caused delays from delays for "neutral" or "valid" reasons). The government concedes that it was negligent for at least part of the period from November 2022 to October 2023 because it took "no active steps" to transfer Diaz Gonzalez to federal custody after his state criminal proceeding resolved. Whether the government was negligent from September 2021 to November 2022—while Diaz Gonzalez's state prosecution was pending—is a close question. But even assuming the government was negligent during that period, the presumption of prejudice is not so strong as to excuse Diaz Gonzalez from showing "particularized trial prejudice." *Doggett*, 505 U.S. at 657; *cf. Gregory*, 322 F.3d at 1162–63 (explaining that although "no showing of prejudice is required when the delay is great and attributable to the government," a 22-month delay attributable to the government's negligence is "not long enough to excuse [the defendant] from demonstrating actual prejudice" (cleaned up)).

Diaz Gonzalez does not establish that the fourth factor weighs in his favor. He fails to explain how the post-indictment delay affected the specific "interests . . . the speedy trial right was designed to protect." *Barker*, 407 U.S. at

532 (focusing on ability to prepare defense, oppressive pretrial incarceration, and anxiety). Diaz Gonzalez argues that the delay prejudiced him because his intervening state conviction resulted in a higher sentencing guidelines computation. But when he moved to dismiss the indictment, this prejudice was "speculative, even though the [effect on the] sentencing guideline computation [was] not," because of the "leeway in the guidelines for departures." *Gregory*, 322 F.3d at 1164 (quoting *United States v. Martinez*, 77 F.3d 332, 336 (9th Cir. 1996)). And the district court imposed a sentence at the mid-point of the applicable Sentencing Guidelines range.

Weighing the factors as a whole, we conclude that the delay did not violate the Sixth Amendment. Therefore, we affirm the district court's denial of Diaz Gonzalez's motion to dismiss the indictment.

**AFFIRMED.**